UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL THIBEAULT ) <br> GL CAPITAL PARTNERS, LLC ) <br> GL INVESTMENT SERVICES, LLC ) <br> GRADUATE LEVERAGE, LLC (d/b/a GL ) <br> ADVISOR and GL HOLDINGS CORP.) ) <br> TAFT FINANCIAL SERVICES, LLC, ) <br> ) <br> Defendants, ) <br> and ) <br> ) <br> SHAWNET THIBEAULT ) <br> GL ADVISOR SOLUTIONS, INC. ) <br> ) <br> Relief Defendants. ) <br> ) | Case No. 1:15-cv-10050-NMG |

**FINAL JUDGMENT AS TO DEFENDANT GL INVESTMENT SERVICES, LLC**

WHEREAS, on January 9, 2015, the plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing a Complaint against defendant GL Investment Services, LLC ("GLIS") and others;

WHEREAS, a summons was issued to GLIS on January 12, 2015 (*see* Dkt. No. 13), and a return of service was filed as to GLIS on January 15, 2015 (*see* Dkt. No. 22);

WHEREAS, this case was stayed as to defendant GLIS on March 25, 2015 (*see* Dkt. No. 75) and the stay was lifted on July 15, 2016 (*see* Dkt. No. 130);

WHEREAS, the Commission filed a motion for entry of default against GLIS on July 18, 2016 for failure to answer or otherwise appear (*see* Dkt. No. 132);

WHEREAS, in accordance with Fed. R. Civ. P. 55(a), a Clerk's default was entered against GLIS on August 25, 2016, (*see* Dkt. No. 140);

WHEREAS, the court accepts as true the factual allegations of the Complaint against defendant GLIS, who has defaulted, and finds that:

1. The court has jurisdiction over this action pursuant to Sections 20(d) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77t(d), 77v(a)], Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78u(d), 78u(e), 78aa], and Sections 209(d), 209(e) and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§80b-9(d), 80b-9(e), 80b-14].

2. Defendant GLIS employed the means or instrumentalities of interstate commerce, or the mails to engage in the conduct alleged in the Complaint.

WHEREAS, the Commission has applied, pursuant to Fed. R. Civ. P. 55(b)(2), for the entry of this Final Judgment based on defendant GLIS's failure to answer or otherwise respond to the Commission's Complaint, and the court having considered the prima facie case for relief shown by the Commission's Complaint, the memorandum of law in support of the Commission's motion for default judgment, and the supporting declaration of Rory Alex, which showing has not been rebutted by defendant GLIS;

NOW THEREFORE, BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

3

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §80b-6(1)] while acting as an investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 12/22/16

_Nathaniel M. Gorton_
UNITED STATES DISTRICT JUDGE