UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
)
v. ) Case No. 1:15-cv-10050-NMG
)
DANIEL THIBEAULT )
GL CAPITAL PARTNERS, LLC )
GL INVESTMENT SERVICES, LLC )
GRADUATE LEVERAGE, LLC (d/b/a GL )
ADVISOR and GL HOLDINGS CORP.) )
TAFT FINANCIAL SERVICES, LLC, )
)
Defendants, )
and )
)
SHAWNET THIBEAULT )
GL ADVISOR SOLUTIONS, INC. )
)
Relief Defendants. )

---

**FINAL JUDGMENT AS TO DEFENDANT TAFT FINANCIAL SERVICES, LLC**

WHEREAS, on January 9, 2015, the plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing a Complaint against defendant Taft Financial Services, LLC ("Taft") and others;

WHEREAS, a summons was issued to Taft on January 12, 2015 (*see* Dkt. No. 13), and a return of service was filed as to Taft on January 21, 2015 (*see* Dkt. No. 29);

WHEREAS, this case was stayed as to defendant Taft on March 25, 2015 (*see* Dkt. No. 75) and the stay was lifted on July 15, 2016 (*see* Dkt. No. 130);

WHEREAS, the Commission filed a motion for entry of default against Taft on July 18, 2016 for failure to answer or otherwise appear (*see* Dkt. No. 132);

WHEREAS, in accordance with Fed. R. Civ. P. 55(a), a Clerk's default was entered against Taft on August 25, 2016, (*see* Dkt. No. 146);

WHEREAS, the court accepts as true the factual allegations of the Complaint against defendant Taft, who has defaulted, and finds that:

1. The court has jurisdiction over defendant Taft pursuant to Sections 20(d) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77t(d), 77v(a)], and Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78u(d), 78u(e), 78aa].

2. Defendant Taft employed the means or instrumentalities of interstate commerce, or the mails to engage in the conduct alleged in the Complaint.

WHEREAS, the Commission has applied, pursuant to Fed. R. Civ. P. 55(b)(2), for the entry of this Final Judgment based on defendant Taft's failure to answer or otherwise respond to the Commission's Complaint, and the court having considered the prima facie case for relief shown by the Commission's Complaint, the memorandum of law in support of the Commission's motion for default judgment, and the supporting declaration of Rory Alex, which showing has not been rebutted by defendant Taft;

NOW THEREFORE, BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

2

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

3

    made, in light of the circumstances under which they were made, not misleading;

    or

 (c) to engage in any transaction, practice, or course of business which operates or

    would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Taft is jointly and severally liable, with defendants GL Capital Partners, LLC, GL Investment Services, LLC, and Graduate Leverage, LLC, for disgorgement of $16,058,156, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,135,909, for a total of $17,194,065. Defendant shall satisfy this obligation by paying $17,194,065 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Taft as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Note: the post judgment interest rate effective as of the week ending September 16, 2016 is .61%. per annum.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all funds and other assets belonging to, held in the name of, or held for the direct or indirect benefit of, Taft that were frozen pursuant to Paragraphs IV.A and IV.B. of this Court's January 21, 2015 Preliminary Injunction, Order Freezing Assets and Order As To Other Injunctive Relief ("Asset Freeze Order"), and that have not been subject to any order entered by any federal court as a result of proceedings filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such order requires the transfer of any asset to the United States government, in accordance with Paragraph IV.C of the Asset Freeze Order, shall be paid by any entity holding such funds to the Securities and Exchange Commission in satisfaction of the disgorgement and prejudgment interest awarded by paragraph III of this Final Judgment.

Payment to the Commission may be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Taft as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the

administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 12/22/16

*Nathaniel M. Gorton*
UNITED STATES DISTRICT JUDGE