United States District Court
District of Massachusetts

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL THIBEAULT, et al.,<br><br>Defendants. | Civil Action No.<br>15-10050-NMG |

MEMORANDUM & ORDER

GORTON, J.

This case involves a long-running dispute over the distribution of misappropriated investor funds. Intervenor-plaintiff Bank of America, N.A. ("BANA") has moved for instructions regarding an earlier order of this Court to freeze those funds. For the reasons that follow, that motion will be allowed and BANA will be instructed to release the funds to the United States Attorney's Office for the District of Massachusetts ("USAO") so that they may be distributed pursuant to the restitution order in the related criminal case.

I. Background

In January, 2015, the Securities and Exchange Commission ("the SEC") filed a complaint against Daniel Thibeault, his wife Shawnet Thibeault, GL Capital Partners LLC, Taft Financial Services, LLC, GL Investment Services LLC, Graduate Leverage LLC

-1-

and GL Advisors Solutions, Inc. The SEC alleged that Thibeault and the other defendants misappropriated at least $16 million from an investment fund, the GL Beyond Income Fund ("the Fund"), and thereby committed, <u>inter alia</u>, securities fraud.

The United States Department of Justice, represented by the USAO, and the Fund are intervenor-plaintiffs in this case and a class of former employees of the Fund ("the Jalbert class") and BANA have intervened as interested parties.

In January, 2015, and again in February, 2016, this Court entered orders freezing Thibeault's assets, which are held by BANA, pending the resolution of criminal charges against Thibeault. In March, 2016, Thibeault pled guilty to securities fraud and obstruction of justice in another session of this Court. <u>United States</u> v. <u>Thibeault</u>, No. 15-10031-LTS (Guilty Plea Mar. 3, 2016) (hereinafter, the "criminal action"). In September, 2016 this Court entered an agreed-upon order of final judgment with respect to Thibeault that, <u>inter alia</u>, permanently enjoins him from violating securities laws and finds that he is liable for the disgorgement of approximately $15 million of ill-begotten profits which will be deemed satisfied by the restitution order in the criminal case. In December, 2016, this Court entered default judgment against the remaining defendants with the exception of the relief defendant, Shawnet Thibeault.

In September, 2016, BANA, a neutral party, moved for instructions as to the disposition of the frozen assets. In response, the SEC requested that the funds be released to the SEC or to the USAO for disbursement to harmed investors. The USAO requested that the Court order BANA to release the assets to it. The Fund agreed that the assets should be distributed to either the SEC or the USAO. This Court ordered the Jalbert class to show cause why the assets should not ultimately be reimbursed to the victims. The Jalbert class submitted a memorandum asserting that it was entitled to those assets. This memorandum and order addresses the motion for instructions as to the release of the assets.

## II. Motion for Instructions Regarding Frozen Assets

The SEC, the USAO and the Fund all agree that the assets should be released to either the SEC or the USAO so that the Judicial Officer overseeing the criminal action can determine how they should be distributed to the victims. The Jalbert class contends that the funds should be paid to it because 1) it has a secured judgment lien and thus a superior interest in the assets, 2) "the SEC's injunction has lapsed as a matter of law", 3) there is purportedly an agreement between the Fund and the Jalbert class that the BANA assets are to be released to the Jalbert class and 4) the USAO has supposedly ignored its

obligation to compensate the "employee victims" in the Jalbert class.

The Jalbert class has failed to show cause why this Court should not transfer the frozen funds to the USAO to be distributed to victims. First, the government has a superior interest in the assets. The Jalbert class obtained a lien on the assets in Massachusetts state court in November, 2015. Pursuant to 18 U.S.C. § 981(f), however, the government's interest in any property that is forfeitable under that statute vests at the time the crime is committed. Thus, the interest of the United States relates back to February, 2013, when the offenses were committed and is superior to the Jalbert class's interest. See United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 76-77 (2d Cir. 2002) (superseded by statute on other grounds).

Second, the contention of the Jalbert class that the SEC's interest has "lapsed as a matter of law" because the final judgement order in this case states that "no civil penalty shall be imposed in light of the [criminal] judgment" is meritless. The final judgment order further states that Thibeault "is liable for disgorgement of $15,300,403" which will be "deemed satisfied by the order of restitution" in the criminal case. Therefore, the SEC and USAO both have a continuing interest in

ensuring that Thibeault's assets are used to satisfy the order of restitution in the criminal case.

Third, the Jalbert class's claim that there is an agreement between it and the Fund that the assets are to be used to pay the former employees is inaccurate. According to the Fund, "[i]t is quite clear that the government's asset forfeiture actions take priority" and there has never been an agreement between the Jalbert class and the Fund regarding the assets.

Finally, as the government points out, there is a mechanism in the criminal case that the Jalbert class can use to assert their purported interest in the assets. They can file a claim in that case to be reimbursed as victims of the crime out of the funds collected to make restitution.

In sum, the Jalbert class has failed to show cause why the assets should not be released to the USAO. Accordingly, BANA's motion for instructions will be allowed and the Court will instruct BANA to release the funds to the USAO so that the sentencing Court may adjudicate their distribution.

## ORDER

In accordance with the foregoing, the motion for instructions (Docket No. 164) is **ALLOWED** and Bank of America, N.A. is hereby directed to release the funds held in escrow to the United States Attorney's Office for the District of Massachusetts so that the Judicial Officer overseeing the criminal action, United States v. Thibeault, No. 15-10031-LTS (Guilty Plea Mar. 3, 2016), may order restitution of the subject assets to those entitled thereto.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated June 20, 2017